UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BRANDON LEE CAUDLE,

    Petitioner,

v.                                              Civil Action No. 3:09cv67

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner Brandon Lee Caudle, a former federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Docket No. 1.) Caudle challenges the decision of the Bureau of Prisons ("BOP") to revoke his eligibility for early release pursuant to his participation in, and completion of, the Residential Drug Abuse Program ("RDAP").[2] (Pet. for Writ of Habeas Corpus ("Pet."), at 1-2.) Respondent filed a response and

---

[1] 28 U.S.C. § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted).

[2] The program and early release incentives are set out in 18 U.S.C. § 3621(e):

    (2)    Incentive for prisoners' successful completion of treatment program.--

            (B)    Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

1

motion to dismiss (Docket No. 9), and appropriate *Roseboro*[3] notice (Docket No. 12). Caudle responded. (Docket No. 14.) The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2241.

For the reasons that follow, the Court will GRANT Respondent's motion to dismiss. (Docket No. 9.) Caudle's Petition will be DISMISSED. (Docket No. 1.)

## I. Factual and Procedural History

The United States District Court for the Western District of North Carolina convicted Caudle of bank fraud, aiding and abetting bank fraud, conspiracy to defraud the United States by uttering counterfeit and forged securities, aggravated identity theft and aiding and abetting aggravated identity theft, and theft or receipt of stolen mail. (Resp't's Resp. & Mot. to Dismiss Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, & Mem. of Law in Supp. ("Resp."), at 2.) The court sentenced Caudle to a term of imprisonment of forty-eight months. (Resp., Ex. 1, Patrick Decl. ("Patrick Decl."), ¶ 6.)

On September 21, 2007, the BOP deemed Caudle provisionally eligible for early release pursuant to 18 U.S.C. § 3621(e) upon his completion of all components of RDAP. (Patrick Decl. ¶ 8.) Federal law authorizes the BOP to reduce by up to one year the sentence of any RDAP graduate who was not convicted of a violent offense. On February 6, 2008, Caudle entered the RDAP program, and on November 5, 2008, Caudle finished the residential portion of the RDAP program. (Patrick Decl. ¶ 9.) Upon completion of the residential program, the BOP facilitated Caudle's transition "to the follow-up services portion of RDAP." (Patrick Decl. ¶ 9.) At that

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

time, the BOP projected Caudle's release date to be August 18, 2009 via early release eligibility. (Patrick Decl. ¶ 9.)

On January 9, 2009, BOP revoked Caudle's eligibility for early release under 18 U.S.C. § 3621(e) because Caudle had failed "to complete portions of the follow-up services, including refusing to pay his fines and engaging in behavior inconsistent with his treatment progress." (Patrick Decl. ¶ 10.) Caudle's alleged behavior did not result in disciplinary reports or adverse disciplinary actions. (Patrick Decl. ¶ 11.) Without the benefit of early release pursuant to 18 U.S.C. § 3621(e), Caudle's release date would fall on August 18, 2010. (Patrick Decl. ¶ 14.)

Caudle sought an administrative remedy to have his early release eligibility reinstated, and as a result, the BOP reinstated his early release eligibility. (Patrick Decl. ¶ 12.) After reinstatement, the BOP calculated Caudle's release date to be December 20, 2009, pending his successful completion of 180 days in a halfway house. (Patrick Decl. ¶ 14.) Caudle's projected release date of December 20, 2009 reflected a sentence reduction of approximately eight months as a result of his eligibility for early release. (Patrick Decl. ¶ 14.)

On January 26, 2009, Caudle filed the instant Petition.[4] Caudle alleges that his scheduled early release date fell on August 18, 2009, and that the BOP "revoked for no reason at all" Caudle's eligibility for early release pursuant to 18 U.S.C. § 3621(e). (Pet. 2.) Caudle alleges that the BOP's revocation of his early release eligibility resulted in a due process violation. (Pet. 4-5.) Caudle asks that the Court declare the following:

---

[4] The Court considers a prisoner's habeas petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Caudle placed his Petition in the prison mailing system on January 26, 2009. (Pet. 8.)

> a.  that the Bureau of Prisons' revocation of Caudle's one-year sentence reduction violated the Fifth and Fourteenth Amendment due process cluase [sic] of the United States Constitution;
>
> b   that the Bureau of Prisons' revocation decision of January 9th, 2009 must be vacated;
>
> c   that Caudle is entitled to his halfway house release date of February 20th, 2009, pending the resolution of the instant litigation; and
>
> d.  that Caudle was not found to be in violation of any institutional infractions warranting revocation of his awarded one-year sentence reduction.

(Pet. 6.)

Neither party has supplemented the Court's record. BOP records indicate that Caudle was released December 18, 2009.[5]

## II. Analysis

The Court lacks jurisdiction in the present case because the question has become moot. Article III of the Constitution requires that courts hear only "cases" or "controversies." *See* U.S. Const. art. III, § 2, cl.1. To sustain a court's jurisdiction, "it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Rather, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) *(quoting Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

This limitation imposed by Article III "denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis*, 494 U.S. at

---

[5] A search of the Bureau of Prisons's inmate locator system reveals that Caudle was released on December 18, 2009. http://www.bop.gov/iloc2/LocateInmate.jsp (choose "Search By Name," then enter Petitioner's full name).

4

477 (*quoting North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Such questions are moot, and "'(m)oot questions require no answer.'" *Rice*, 404 U.S. at 246 (*quoting Mo., Kan., & Tex. Ry. Co. of Tex. v. Ferris*, 179 U.S. 602, 606 (1900) (alteration in original)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

In this case, Caudle presents no "live" question which this Court can address, and his Petition is therefore moot. Each of the issues raised and the remedies sought by Caudle has been addressed, and the Court can offer no further relief. First, Caudle's early release eligibility was revoked in January of 2009, but reinstated in March of 2009. (Resp. 6; Patrick Decl. ¶¶ 10, 12.) Therefore, to the extent Caudle seeks reinstatement of his early release eligibility, this request is moot. Second, the BOP scheduled Caudle for transfer to a halfway home on June 24, 2009. (Patrick Decl. ¶ 13.) Caudle has not supplemented the record with any information to inform the Court that he did not receive this transfer. Thus, presuming Caudle was transferred on June 24, 2009, his request for placement in a halfway house is moot. Third, Respondent informed the Court that, with the application of his reinstated good conduct time, Caudle's projected release date fell on December 20, 2009. (Patrick Decl. ¶ 14.) December 20, 2009 has come and gone, and neither party supplemented the record to reflect any change to this projected release date. In fact, the BOP's records indicate that Caudle was released on December 18, 2009. Finally, "the question[s] presented do[] not fall within that category of harm 'capable of repetition, yet evading review.'" *Preiser*, 422 U.S. at 403 (*citing S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). Caudle was released, and he has no reasonable expectation that the harms alleged

in his Petition will be repeated. *See id.* at 402 *(citing United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

The parties have had ample time to supplement the record if they so desired. Therefore, because the issues presented have become moot, and the parties have not supplemented the record, the Court will GRANT Respondent's motion to dismiss. (Docket No. 9.) Caudle's Petition will be DISMISSED WITHOUT PREJUDICE. (Docket No. 1.)

### III. Conclusion

Caudle's Petition has become moot. Therefore, the Court will GRANT Respondent's motion to dismiss. (Docket No. 9.) The Court will DISMISS Caudle's Petition. (Docket No. 1.)

Let the Clerk send a copy of this Memorandum Opinion and Order to Petitioner and counsel for the Respondent.

It is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1-12-10